16 F.3d 415
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 A. Scott DEVOUS, M.D., Plaintiff-Appellant,
v.
Richard M. CAMPBELL, D.O.; John Guicheteau, M.D.; Howard
L. Mussell, M.D.; Sam Scaling, M.D.; Thomas V. Toft, M.D.;
Mary-Dell Long; Mary Jo Atherton, Individually; Carole
Shotwell, Individually; Don W. Riske, Individually;
Wyoming State Board of Medicine, fka Wyoming State Board of
Medical Examiners; Wyoming State Board of Medicine, Member,
aka Mary Jo Atherton; Wyoming State Board of Medicine,
Secretary, aka Carole Shotwell; Wyoming State Board of
Medicine, Attorney, aka Don W. Riske, Defendants-Appellees.
 No. 92-8063.
 United States Court of Appeals, Tenth Circuit.
 Jan. 13, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before EBEL and McKAY, Circuit Judges, and SAFFELS,[2] District Judge.
 
 
 2
 Plaintiff appeals an order by the United States District Court for the District of Wyoming dismissing his claims for monetary damages and injunctive relief brought under 42 U.S.C.1983, 1985(c), and 1986. Plaintiff also brought several pendant state law claims, seeking damages allegedly caused by Defendants' tortious conduct. The district court dismissed all of Plaintiff's federal claims, finding that each of the named defendants were immune from civil suit. The district court then dismissed the state law claims without prejudice.
 
 
 3
 On appeal, Plaintiff's primary argument is that the cases relied on by Defendants and the district court, Butz v. Economou, 438 U.S. 478 (1978); Horwitz v. Board of Medical Examiners of State of Colorado, 822 F.2d 1508 (10th Cir.), cert. denied, 484 U.S. 964 (1987); and Vakas v. Rodriguez, 728 F.2d 1293 (10th Cir.), cert. denied, 469 U.S. 981 (1984), are distinguishable from the instant case, and thus are inapplicable. We agree with the district court that the above Supreme Court and Tenth Circuit cases properly set forth the law and analysis that control this case in regards to all of the Defendants, and therefore affirm.
 
 
 4
 In Horwitz, the Tenth Circuit discussed the three-part formula set forth by the Supreme Court in Butz for determining whether absolute immunity has attached to administrative officials performing functions analogous to those of judges and prosecutors. For immunity to attach: (1) the officials' functions must be similar to those in the judicial process, (2) the officials' actions must be likely to result in civil lawsuits by disappointed litigants, and (3) there must exist sufficient safeguards in the regulatory framework to control unconstitutional conduct. Horwitz, 822 F.2d at 1513. Plaintiff argues that the third prong of the Horwitz test was not met in this case primarily because Defendants failed to follow certain procedural steps required by Wyoming law. Plaintiff fundamentally misreads Horwitz in this respect. The focus of Horwitz is not whether a plaintiff was in fact provided with procedural safeguards required by law; rather, it is whether sufficient procedural safeguards existed in the applicable regulatory framework so that a plaintiff can seek redress through regular channels if they are not complied with. See Horwitz, 822 F.2d at 1514-15. Thus, Plaintiff's argument that Horwitz does not control because Defendants failed to follow certain procedural steps required by Wyoming law, such as the provision requiring adequate notice, is without merit.
 
 
 5
 Plaintiff also apparently contends that the Wyoming regulatory framework provides insufficient procedural safeguards under Horwitz because the Board interpreted it in a manner that allowed them to suspend his license merely because he invoked his Fifth Amendment rights at a hearing. However, when Plaintiff appealed the Board's suspension of his license, the Supreme Court of Wyoming overturned the Board's interpretation and held that the Wyoming regulatory scheme must be interpreted in a manner consistent with due process. The Supreme Court of Wyoming held that, under Wyoming law, Plaintiff could not be penalized for using his Fifth Amendment rights under these circumstances. Devous v. Wyoming State Bd. of Medical Examiners, 845 P.2d 408 (Wyo.1993). Thus, Wyoming law did control the unconstitutional conduct in this case as required by the third prong of Horwitz, and in fact, Plaintiff's rights were vindicated by the Supreme Court of Wyoming's reversal of his suspension. It was precisely because Wyoming law required certain procedural steps, and because Defendants failed to interpret the law correctly, that Plaintiff was able to gain redress for Defendants' unconstitutional actions in Wyoming courts prior to filing this suit. Thus, the safeguards set forth by Wyoming law and the Wyoming courts' willingness to enforce those safeguards in a manner consistent with due process were sufficient to control the unconstitutional conduct in this case. Plaintiff's attempts to distinguish Horwitz on the third prong are unpersuasive.
 
 
 6
 Plaintiff also argues that Defendants lack immunity because they "ignored the law." In Vakas, the Tenth Circuit held that the issue of whether quasi-judicial administrative officials are stripped of immunity is not whether they acted outside of the letter of the law, but whether they acted with a "clear absence of all jurisdiction." Vakas, 727 F.2d at 1297 (quoting Stump v. Sparkman, 435 U.S. 349, 357 (1978)). Regardless of whether Defendants precisely followed the dictates of Wyoming law, as the state medical board, they acted within their jurisdiction when they instituted disciplinary proceedings against Plaintiff, a physician licensed in the state of Wyoming. Thus, Plaintiff's argument that Defendants lack immunity simply because they "ignored the law" is likewise without merit.
 
 
 7
 In sum, Plaintiff's attempts to distinguish this case from established Supreme Court and Tenth Circuit precedent are unpersuasive. We hold that all of the Defendants, including the Board members and the Board's attorney, are immune from civil liability in their judicial and prosecutorial functions under the analysis set forth in Butz, Horwitz, and Vakas. The judgment of the district court is affirmed in all respects.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----
 
 
 [2]
 Honorable Dale E. Saffels, United States District Judge for the District of Kansas, sitting by designation